UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 20-cr-20235-UU

UNITED STATES OF AMERICA,

v.

JOHN JANER MANCILLA CEBALLOS,

　　　Defendant.

_____/

## FACTUAL PROFFER

Defendant, John Janer Mancilla Ceballos ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On October 2, 2020, a maritime patrol aircraft (MPA) detected a low profile vessel (LPV) approximately 122 nautical miles southwest of Isla De Malpelo, Colombia, in international waters. The United States Coast Guard Cutter Thetis was patrolling nearby and diverted to intercept. The LPV was suspected of illicit maritime activity while operating in a known drug trafficking area. The LPV had no indicia of nationality visible. The Thetis launched its over the horizon small boat with a boarding team which pulled alongside of the LPV. As the boarding team approached, the LPV went dead in the water and the boarding team observed that the LPV was taking on water. The boarding team reported that the LPV was taking on water, and the Thetis authorized the transfer of the three subjects aboard the LPV to the over the horizon small boat. Those subjects were the Defendant and his co-defendants, all Colombian nationals.

The boarding team reported that the entire stern of the LPV was submerged and de-watering the vessel was not possible. The boarding team attempted to access the bow of the LPV using axes but was unable to access the bow at that time. Further, due to the sea state at that time,

the team was unable to use power tools to access the bow.  The boarding team returned the Defendants to the Thetis, and the Thetis remained in visual observation of the LPV overnight.  The LPV did not sink overnight.

The Coast Guard spoke with co-defendant Pena Arroyave, who stated he did not know the nationality of the vessel, or the last point of contact with land.  As such, the boarding crew was authorized to treat the LPV as a vessel without nationality.  The vessel had no other indicia of nationality.  It was in fact a vessel without nationality, subject to the jurisdiction of the United States.

The boarding crew returned to the LPV in the morning, and was able to cut a 10" x 10" hole in the hull of the LPV and recover a total of eighteen packages of suspected cocaine.  Two of those packages were NIK tested for cocaine with positive results.  The cocaine had an approximate sea weight of 22 kilograms.  The Defendants were subsequently detained.  Due to the condition of the LPV, and the sea, the boarding team was not able to recover more packages.  But, the boarding team members did observe that the entire interior of the LPV was loaded with additional packages of suspected cocaine.  The Thetis was authorized to sink the vessel as a hazard to navigation due to no suitable tow points and no navigational lights.

Previously, before the LPV left Colombia, an ongoing Colombian investigation into a cocaine transport group located in Colombia recorded – via Colombian wire intercept - conversations amongst the transport group specifically referring to the Defendants' LPV.  Those conversations specifically listed the names of the defendants here, and described the load as containing 1,500 kilograms of cocaine.  That amount is consistent with what the Coast Guard observed inside of the LPV before it sank.

The Defendant conspired with the other individuals on the boat, and people in Colombia,

to possess more than five kilograms of cocaine while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. He was to be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _2/26/21_          By: _____

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: _2/26/21_          By: _____

JOEL DEFABIO, ESQ.
COUNSEL FOR DEFENDANT

Date: _2/26/21_          By: _____

JOHN JANER MANCILLA CEBALLOS
DEFENDANT